UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES V. HOBBS, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   No. 2:16-cv-00052-JMS-DKL |
| | ) |
| STEPHEN JULIAN, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

For the reason explained in this Entry, petition for writ of habeas corpus filed by Charles Hobbs must be **denied.**

**I.**

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Whether § 2255 is inadequate or ineffective depends on "whether it allows the petitioner 'a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.'" *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc)(quoting *Davenport*, 147 F.3d at 609). To properly invoke the Savings Clause of 28 U.S.C. § 2255(e), a petitioner is required to show "something more than a lack of success with a section 2255 motion," *i.e.,* "some kind of structural problem with section 2255." *Id.* Thus, it is the inefficacy of the remedy, not the personal inability to use it, which is determinative. *Garris v. Lindsay,* 794 F.2d 722, 727 (D.C.Cir. 1986). The Seventh Circuit has reviewed the circumstances in which the Savings Clause is properly invoked:

> In the wake of [*In re] Davenport*, [147 F.3d 605 (7th Cir. 1998),] we distilled that holding into a three-part test: a petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Davenport,* 147 F.3d at 611 (referencing the procedure as one to correct "a fundamental defect" in the conviction or sentence).

*Montana v. Cross*, No. 14-3313, 2016 WL 3910054, at *6 (7th Cir. July 19, 2016).

## II.

Hobbs was charged in August 2005 with drug offenses in the United States District Court for the Central District of Illinois. Following the denial of his motion to suppress, Hobbs entered a plea of guilty to possession with intent to distribute more than fifty grams of cocaine base and possession of a firearm by a convicted felon. Hobbs had sought suppression of evidence obtained during a search of his rental car and the subsequent search of his residence was unlawful. He also argued that police lacked probable cause for his arrest. The denial of his motion to suppress was affirmed in *United States v. Hobbs*, 509 F.3d 353 (7th Cir. 2007). More specifically, the Court of Appeals first assessed the existence of probable cause for the arrest:

> Based on the totality of these circumstances—a record of violent crime, an opportunity to commit the crime, a false exculpatory statement, a confession to a former girlfriend, nervous and bizarre behavior surrounding the news of Hardges possibly surviving the shooting, and the corroboration of the former girlfriend's report to the police—the district court properly concluded that the officers had probable cause to arrest Hobbs for murder.

*Id.,* at 360. The Court of Appeals added that "the officers also had probable cause to arrest Hobbs for driving with a suspended license. The district court properly denied Hobbs's motion to suppress the evidence obtained from Hobbs's car." *Id.,* at 361.

The Court of Appeals then assessed the search of the residence, which occurred pursuant to a search warrant issued by an Illinois state judge after a protective sweep of the house by police had revealed an off-white powdery substance on a bedroom dresser:

> The complaint for the search warrant included statements that Hobbs was known to be a drug dealer in the community, that he was caught carrying a substantial amount of cocaine immediately after leaving his house, and that drug dealers tend to keep drugs in their houses. This alone was sufficient to establish probable cause."

*Id.,* at 361.

In summary, therefore, the Court of Appeals "agree[d] with the district court's conclusion that the officers had probable cause to arrest Hobbs both for the murder of Jason Hardges and for driving with a suspended license. We also agree that the complaint for the search warrant was not dependent on the evidence obtained during the protective sweep. We believe the legally obtained evidence against Hobbs was more than enough to establish probable cause for the search warrant . . . ." *Id.,* at 361.

Hobbs presented related claims in his motion for relief pursuant to 28 U.S.C. § 2255, targeting his representation in connection with the motion to suppress. The trial court rejected these arguments. *Hobbs v. United States*, 2009 WL 2849128 (C.D.Ill. Sept. 1, 2009).

First, the court found that defense counsel's decision to litigate the motion with cross-examination of the government's witnesses rather than call defense witnesses to be a reasonable strategic choice. Second, Hobbs failed to demonstrate that had these witnesses been interviewed, there would have been a different result. In addition, the court found that the police had an independent basis (separate and apart from these two witnesses) for probable cause, *i.e.*, his suspended license, and this alternative basis for probable cause had been affirmed by the Court of Appeals for the Seventh Circuit. *United States v. Hobbs,* 509 F.3d 353 (7th Cir. 2007).

### III.

Hobbs' quest at present is to have this court exercise its habeas corpus jurisdiction to overturn the trial court's ruling on his § 2255 motion, which in return was a rerun of his motion to suppress. His appeal of the trial court's suppression ruling and the § 2255 action provided Hobbs with all the opportunity the law contemplates. Hobbs concedes this fact, but insists that federal prosecutors committed an injustice and proceeds to argue the merits of his claim. He is not permitted to proceed in this fashion. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." *Smith v. Warden, FCC Coleman–Low,* 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." *Id.*

Despite his dissatisfaction with the outcome of the § 2255 proceeding in the trial court, Hobbs is not entitled to use § 2241 for another bite at the post-conviction apple. *Garza v. Lappin,* 253 F.3d 918, 922 (7th Cir. 2001)("The mere fact that Garza's petition would be barred as a successive petition under § 2255, however, is not enough to bring the petition under § 2255's savings clause; otherwise, the careful structure Congress has created to avoid repetitive filings would mean little or nothing."). As one district judge has explained:

> The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition.

*Irwin v. Fisher*, 2009 WL 1954451, *3 (D.Minn. July 6, 2009); *see also Buford v. Superintendent,* 2008 WL 2783257, *4 (S.D.Ind. July 16, 2008)("The above circumstances show that Buford's § 2241 habeas claim *was* presented and rejected in an action pursuant to 28 U.S.C. § 2255 . . . that Buford has not advanced a legal theory which establishes his actual innocence. . . . [and] that Buford has not carried his burden of showing that his § 2241 habeas claim can be considered here

because § 2255 is inadequate or ineffective to test the legality of his detention."). These are not new insights. "Something more than mere disagreement [with the previous habeas court] must be shown to justify a successive habeas petition." *Williams v. Lockhart,* 862 F.2d 155, 158 (8th Cir. 1988)(quoting *Walker v. Lockhart,* 726 F.2d 1238, 1250 (8th Cir.)(en banc)(Arnold, J., concurring), *cert. dismissed,* 468 U.S. 1222 (1984)); *see also Farrugia v. Warden, USP-Terre Haute*, No. 2:13-CV-104-WTL-MJD, 2015 WL 1565008, at *5 (S.D.Ind. Apr. 7, 2015).

## IV.

Hobbs' constitutional claims could have been raised—and in fact were raised, at least in part—in his § 2255 motion. Accordingly, § 2255 was adequate to test the legality of Hobbs' detention, and he may not press these claims in a § 2241 petition. "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Hobbs had that opportunity and used it. He is not entitled to more.

Based on the foregoing, Hobbs has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. This is apparent from the face of his petition, together with the history of the conviction he now challenges. His petition for a writ of habeas corpus is **denied**.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: August 23, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

CHARLES HOBBS
13744026
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808